UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                    Case No. 18-cr-20085
                                                      District Judge Paul D. Borman

MICHAEL DAVIS,

    Defendant.          /

**ORDER DENYING DEFENDANT MICHAEL DAVIS'S (D-2) MOTION TO DISMISS COUNTS ONE AND THREE (ECF #218)**

On April 20, 2020, Defendant Michael Davis filed a Motion to Dismiss Counts One and Three of the indictment on the ground that the statute charged in those Counts, 18 U.S.C. § 1958, is unconstitutional as applied to Davis (ECF #218). On May 11, 2020, the Government filed a Response in Opposition (ECF #231). On May 22, 2020, Defendant Davis filed a Reply (ECF #234).

Defendants Dwight Williams D-1, Michael Davis D-2, Christopher Davis D-3, and David Allen D-4, residents of the Eastern District of Michigan, were charged in an indictment on February 7, 2018 with four counts relating to the December 29, 2016 murder of Deangelo Pippen in the Western District of Michigan. Count One charged Defendants with violating Title 18 U.S.C. §§ 1958(a), and 2, for using and causing another to use a "facility of interstate…commerce, to wit: telephone(s) and motor vehicle(s), with intent that a

1

murder of D.P. be committed in violation of the laws of the State of Michigan or the United States, as consideration for the receipt of, and as consideration for a promise and agreement to pay, things of pecuniary value, to wit: United States currency, which offense resulted in the death of D.P." (ECF #1, Page ID. 2).

The indictment alleged in Count Three that all four Defendants engaged in a "Conspiracy to Use Interstate Commerce Facilities in the Commission of Murder-for-Hire, 18 U.S.C. § 1958(a)." (*Id.*, Page ID. 3).

Counts Two and Four of the indictment, not at issue in this Motion, each charge a violation of 18 U.S.C. §§ 924(c), 924(j), and 2, for "Use and Carry of a Firearm During and in Relation to a Crime of Violence Resulting in Death."

The parties agree that venue is in the Eastern District of Michigan and elsewhere, and that all relevant conduct took place within the State of Michigan (Page ID. 778).

Defendant contends that:

> The indictment charges state-law murder offenses as federal capital crimes based upon an attenuated link between the mere use of a telephone or motor vehicle and interstate commerce. It bases federal jurisdiction on the alleged wholly intrastate…murder-for-hire scheme. No connection to or effect upon interstate commerce is alleged…[F]ederal jurisdiction is limited to cases involving allegations of conduct having-at the very least-some sort of interstate character. To the extent that the purely intrastate conduct in this case is alleged to fall within the ambit of § 1958, that statute is

2

>unconstitutional as applied and Counts One and Three…should be dismissed.

(ECF #218, Page ID. 777).

While Defendant contends that *United States v. Lopez*, 514 U.S. 549, 566 (1995) held that the Constitution withholds from Congress a plenary police power, that does not control the instant case: the statute, 18 U.S.C. § 1958, as applied, supports the charges contained in Counts I and III.

The "Government Response in Opposition to Defendants' Motion to Dismiss Counts One and Three [R. 218]" contends that interstate activity occurred because "all of the phone calls between the Defendants were routed through call switch centers located in several states including Texas, Illinois, Pennsylvania and New York." (ECF #231, Page ID. 948).

The Government contends that the "murder-for-hire statute, 18 U.S.C. § 1958(a) penalizes anyone who uses or causes another to use any facility of interstate commerce, with intent that a murder be committed as a consideration for the receipt of anything of pecuniary value." The Government points to a critical 2004 amendment to § 1958 that replaced "<u>in</u> interstate commerce with the current statutory requirement of a facility <u>of</u> interstate commerce." The Government notes that 18 U.S.C. § 1958(b)(2) defines "facility of interstate commerce to include means of transportation and communication." (Page ID. 949). That Defendant

3

Michael Davis contends that in 2004 Congress "quietly" amended § 1958 by substituting "of" in place of "in", that does not undermine the legitimacy of the amendment and its critical impact in this case.

The Government contends that (1) cell phones and vehicles are facilities of interstate commerce, *United States v. Weathers*, 169 F.3d 336, 341 (6th Cir. 1999), and (2) that Congress has the authority to regulate instrumentalities of interstate commerce such as cell phones and vehicles, even if the use of those instrumentalities in a particular case involves only intrastate activity. *Weathers* at 341. Finally, the use of telephone switch centers located outside Michigan undercuts any Defendant claim that their use of cell phones was purely intrastate activity.

Noone contests the fact that the Defendants repeatedly used cell phones to communicate with Co-Defendant Dwight Williams who hired them to commit the murder of Deangelo Pippen, which they accomplished on December 29, 2016. Noone contests that the Defendants used a rental vehicle, which is also a facility of interstate commerce, to conspire to murder, and to murder Pippen, driving from the Detroit area to the Western District of Michigan. The use of a vehicle, in addition to a cell phone, was essential to the conspiracy to murder, and to the murder. *See United States v. Cobb*, 144 F.3d 319, 321 (4th Cir. 1998). Cars are instrumentalities of interstate commerce, regardless of whether they have an

4

intrastate destination. Here the use of the vehicle to travel to the Western District of Michigan, and then to kill Pippen, facilitated the murder-for-hire scheme, satisfying the jurisdictional basis for charges contained in Counts I and III. § 1958(a).

Defendant's brief in support of this Motion concludes:

> Because the Indictment fails to allege anything more than the intrastate conduct having no apparent connection to or effect upon interstate commerce, the "facility of interstate commerce" clause of § 1958(a) is unconstitutional-as applied and Counts I and III should be dismissed.

The Court disagrees. The Court finds that Title 18 U.S.C. § 1958(a) is properly applied to the facts in this case.

In amending 18 U.S.C. § 1958 in 2004, Congress exercised its power to regulate the use of the channels of interstate commerce, and its power to regulate the instrumentalities of interstate commerce, both of which are supported by the Supreme Court decision in *United States v. Lopez,* 514 U.S. 549, 558 (1995): ("Even though the threat may come only from intrastate activities").

As the Government correctly noted, unlike the statute in *Lopez*, 18 U.S.C. § 1958 requires that the murder-for-hire involve either the use of channels of interstate commerce (travel in interstate commerce) or the use of instrumentalities of interstate commerce (any facility of interstate commerce). Here, the use of cell

5

phones and a rental vehicle satisfy the jurisdictional element. (ECF #231, Page ID. 960).

Accordingly, the Court concludes that 18 U.S.C. § 1958 is not unconstitutional as applied in this case, and denies Defendant's Motion to Dismiss Counts One and Three.

SO ORDERED.

DATED: June 19, 2020          s/Paul D. Borman
                                                          PAUL D. BORMAN
                                                          UNITED STATES DISTRICT JUDGE